IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Kenneth Lovette Young, #323182,<br><br>        Petitioner,<br><br>v.<br><br>Leroy Cartledge,<br><br>        Respondent. | C/A No. 5:15-637-JFA<br><br><br><br>**ORDER** |

### I.   INTRODUCTION

Kenneth Lovette Young ("Petitioner") is an inmate at McCormick Correctional Institution in McCormick, South Carolina. Petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 12, 2015. (ECF No. 1). On July 1, 2015, Respondent filed a motion for summary judgment along with a return and memorandum. (ECF No 23; ECF No. 24). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. (ECF No. 25). On August 6, 2015, Petitioner filed a response in opposition to the motion for summary judgment. (ECF No. 28). Respondent did not file a reply to Petitioner's August 6, 2015 response. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant the Respondent's motion for

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The

summary judgment and dismiss the petition in this case with prejudice. (ECF No. 30). Petitioner was advised of his right to object to the Report, which was entered on the docket on January 28, 2016. On February 11, 2016, Petitioner filed a motion for extension of time to file a response to the Report (ECF No. 32). Petitioner's motion was granted on February 17, 2016, and he was given until March 9, 2016 to file any objections to the Report. (ECF No. 34). On March 9, 2016, Petitioner filed a statement of objection to the report. (ECF No. 37). Thus, this matter is ripe for the Court's review.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Report sets forth in detail the relevant facts on this matter, and this Court incorporates those facts without a recitation.

## II.  STANDARD FOR SUMMARY JUDGEMENT

---

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A material fact is one that "might affect the outcome of the suit under the governing law."  *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party.  *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact.  *Celotex*, 477 U.S. at 323.  If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."  *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323.  All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

### III.     HABEAS CORPUS STANDARD OF REVIEW

In addition to the standard that the Court must employ in considering motions for summary judgment, the Court must also consider Petitioner's claims under the requirements of 28 U.S.C. § 2254(d).  Under § 2254(d), this Court may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). An incorrect application of federal law is not always objectively unreasonable. *Id.* at 413. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of [the petitioner's] claims was not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004).

Further, courts afford deference to state courts' resolutions of the habeas claims of state prisoners. *See Bell v. Cone*, 543 U.S. 447, 455 (2005). Factual findings "made by a State court shall be presumed to be correct," and a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). To clarify, in order to obtain habeas relief from this Court, "a sate prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* The Court recognizes that this standard is very difficult to meet, but that is because it was meant to be difficult to meet. *Id.*; *see Richardson v. Branker*, 668 F.3d 128, 137-44 (4th Cir. 2012) (quoting *Harrington* extensively and reversing a district court's grant of a writ based on ineffective assistance of counsel claims).

Section 2254(e)(1) requires that this Court give a presumption of correctness to the state court factual determinations and provides that Petitioner can only rebut this presumption by clear

4

and convincing evidence. Accordingly, Petitioner is entitled to relief under § 2254(d) only if he can prove, by clear and convincing evidence, that the state court unreasonably determined the facts in light of the evidence presented in state court.

### IV.   INEFFECTIVE ASSISTANCE OF COUNSEL

In order to successfully challenge a sentence on the basis of ineffective assistance of counsel, Petitioner must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that he was prejudiced by his counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Id.* at 688–89.

In addition to showing ineffective representation, the defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112 (citing *Strickland*, 466 U.S. at 693). The United States Supreme Court has elaborated on the interplay between *Strickland* and § 2254, noting that the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so." *Id.* at 105 (internal quotation marks omitted); *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

When a petitioner raises an ineffective assistance of counsel claim in a § 2254 habeas petition that was denied on the merits by the state court, "[t]he pivotal question is whether the

5

state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense counsel's performance fell below the *Strickland* standard." *Harrington*, 562 U.S. at 101. For the purposes of § 2254(d)(1), "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id.* (quoting *Williams*, 529 U.S. at 410) (emphasis in original).

## V.     PROCEDURAL BAR

28 U.S.C. § 2254 requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. Two separate, but related theories of exhaustion and procedural bypass operate in a similar manner to require habeas petitioners to first submit state claims for relief to the state courts. If a habeas petition is filed in this Court before a petitioner has either exhausted available state court remedies or has otherwise bypassed seeking relief in the state court, it will be dismissed absent the unusual circumstances detailed below.

With respect to the exhaustion requirement, Section 2254 requires that, before seeking habeas corpus relief, the petitioner must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). A habeas petitioner must present his claims to the state's highest court before satisfying the exhaustion requirement. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, this Court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody may attack the validity of his conviction through a direct appeal or by filing a PCR application. Pursuant to South Carolina law, all grounds must be stated in the direct appeal or PCR application. SCACR 203; *see* S.C. Code Ann. §§ 17-27-10 through 17-27-90; *see also Blakely v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). Strict deadlines

govern direct appeals and filing of PCR applications. A PCR application must be filed within one year of a criminal conviction, or, if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45. If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-20-80, then counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. If counsel fails to make the Rule 59(e) motion, it will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007).

Further, when a petitioner files for habeas relief, he may only present those issues that were presented to the South Carolina Supreme Court or to the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision in the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

Procedural bypass, which is sometimes referred to as procedural bar or procedural default, is the doctrine that applies when a petitioner seeking habeas relief as to a particular issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. When this occurs, the petitioner has bypassed his state court remedies, and is therefore procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by this Court. *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

If a habeas petitioner has procedurally bypassed his opportunity for relief, a federal court in barred from considering the claim absent a showing of cause and actual prejudice. If a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and "'actual prejudice resulting from the alleged constitutional violation[,]'" then this Court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). However, if a petitioner has not complied with state procedural requirement and cannot make the required showing of cause and prejudice, then this Court generally declines to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A petitioner may prove cause by demonstrating ineffective assistance of counsel relating to default, showing an external factor that hindered compliance with the state procedural rule, or by demonstrating the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if sufficient cause is shown, then a petitioner must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. An error by a prisoner's post-conviction counsel during his initial state collateral review proceeding may qualify as "cause" to excuse the procedural default of an ineffective assistance of trial counsel claim if: (1) state law required the prisoner to wait until post-conviction review to raise *Strickland* claims; (2) the prisoner's underlying *Strickland* claim is "substantial"; and (3) the prisoner can establish that his post-conviction counsel was ineffective under the *Strickland* standard. *Martinez v. Ryan*, 132 S. Ct. 1309, 1318-19 (2012).

## VI. DISCUSSION

Petitioner has lodged three objections to the Report rendered by the Magistrate. In essence, Petitioner makes the same objection regarding all three of his claims that were ruled upon by the Magistrate. Petitioner's objections can be summed up as stating that the Magistrate erred in recommending that this Court grant Respondent's motion for summary judgment because the PCR court's holdings resulted in decisions that were based on an unreasonable application of the facts in light of the evidence presented in Petitioner's state court proceeding. For the sake of clarity, this Court will consider Petitioner's issues in the same order as the Magistrate did in her Report.

> **GROUND TWO:** Trial counsel was ineffective for failing to object to the trial judge's jury instructions that allowed the jury to disregard the prior convictions of a prosecution witness in assessing her credibility, which denied the Petitioner due process of law.

Petitioner objects to the Magistrates finding that his Ground Two claim is procedurally barred because it was raised to but not ruled upon by the PCR judge. Petitioner argues that this Court should excuse any procedural default arising from the PCR court's failure to discuss the issue because he believes it is a "substantial" one under *Martinez*. It is not disputed that the Petitioner raised this issue in his original PCR application and that the PCR court failed to address the issue in its final order. Further, the fact that Petitioner's counsel failed to file a rule 59(e) motion after the PCR court failed to address the issue is undisputed.

When a PCR court fails to make the required findings and conclusions with regard to an issue, that issue is not reviewable by a state appellate court unless the petitioner's PCR counsel brings the omission to the court's attention by filing a motion to alter or amend the final judgment pursuant to Rule 59(e). *Marler v. State*, 653 S.E.2d 266, 267 (S.C. 2007). As previously stated, *Martinez* held that ineffective assistance of counsel "at initial-review

proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315.  The Supreme Court elaborated on its holding in *Martinez* in *Trevino v. Thaler*, where it held:

> [w]e . . . read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (citing *Martinez*, 132 S. Ct. at 1318-19, 1320-21); *see also Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the *Martinez* test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under *Strickland*, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice.").

In order to establish cause under *Martinez*, Petitioner must demonstrate (1) that his PCR counsel was ineffective under *Strickland* and (2) that the underlying ineffective assistance of trail counsel claim is a substantial one.  The Magistrate found that Petitioner failed to show that the bypassed issue was a substantial one or that his PCR counsel was ineffective for failing to preserve this issue.  Therefore, the Magistrate held that this claim by Petitioner is procedurally barred.  This Court agrees.

In this case, there is no reference to Ground Two in the PCR court's final order, and there is nothing in the record showing that PCR counsel filed a Rule 59(e) motion after receiving the final order.  Therefore, Petitioner's Ground Two was procedurally bypassed in state court when the issue was not properly preserved in the PCR proceedings for review by the South Carolina

10

Supreme Court. As stated previously, in a procedural bypass scenario, a habeas petitioner must show both cause and prejudice if this Court is to hear the claim. Petitioner has not done so in this case.

Because the underlying ineffective assistance of trail counsel claim is not a substantial one, Petitioner has not made the required showing that his PCR counsel was ineffective for failing to file a Rule 59(e) motion. Petitioner argues that the witness-credibility charge in his case was objectionable because the instruction directed the jury that it could not consider the prior convictions of one of the testifying witnesses, Ms. Laws, and could only consider his own convictions. Petitioner misinterprets the language of the jury instruction at issue, which stated:

> When a person testifies and they have a past criminal record, they are competent to testify. However, a past record does not affect their ability, that is, they can testify. But you can consider any past criminal record of a witness in determining the credibility of that witness. That is, the believability. You've heard evidence that at least one of the witnesses, Ms. Laws I believe, had a prior conviction and Mr. Young, there was some testimony that he had been convicted of an offense. Now that evidence as to Mr. Young, *like the evidence as to Ms. Laws*, can only be used in judging believability of Mr. Young and for no other purposes. That is, you cannot use his past record as any evidence that he was involved in this in any degree whatsoever. It is not evidence as to the charges today. It is only allowed into evidence for your consideration in regarding what degree of believability to give to a witness.

(ECF No. 30 p. 24) (emphasis added). This instruction from the trial court did not improperly limit the jury's consideration of past criminal conduct in assessing Ms. Laws' credibility. This instruction did not prejudice Petitioner at all. Rather, the instruction provided a significant benefit to Petitioner.

The Magistrate correctly held that trial counsel's failure to object to this instruction was not professionally unreasonable and that Petitioner was not prejudiced by the instruction given. As a result, Petitioner has not shown that the bypassed issue was a "substantial" one or that PCR counsel was ineffective for failing to preserve this unsubstantial issue. Therefore, Petitioner's

11

reliance on *Martinez* to excuse the procedural default of Ground Two is unavailing. This Court finds that granting summary judgment in favor of Respondent on this issue is proper. Ground Two is dismissed as procedurally barred.

> **GROUND ONE:** Trial counsel was ineffective during trial when he failed to lodge a proper objection to preserve the issue of severance for appellate review, which denied the Applicant due process of law.

Petitioner objects to the Magistrates finding that he failed to meet his burden under *Strickland* on his Ground One claim. Petitioner argues that because the PCR court's finding that trial counsel preserved this issue for appellate review directly conflicts with the appellate court's holding that it was not preserved, he has not received a proper ruling on his Ground One claim. Petitioner further argues that he should have been tried independently because his and his *pro se* co-defendant's defenses were antagonistic.

It is clear from the record that the PCR court's conclusion that Petitioner's issue was preserved for appellate review directly conflicts with the South Carolina Court of Appeals' ruling that it was not. The Magistrate's Report summarizes the facts surrounding how these holdings came to conflict with one another, and this Court incorporates those facts without recitation. The record as a whole shows that Petitioner's trial counsel did not preserve the issue of severance for appellate review.

Because the PCR court erred in its determination regarding whether this issue was preserved for appellate review, its initial conclusion that trial counsel's representation did not fall below an objective standard of reasonableness was partially based on incorrect factual findings. However, because the PCR court did not end its analysis there and went on to find that Petitioner failed to prove *Strickland's* prejudice prong, habeas relief is not required in this case.

Petitioner was not prejudiced by the joint trail that took place after counsel attempted to argue that it should be severed because Petitioner and his co-defendant did not present mutually antagonistic defenses and did not accuse each other of committing the crime. It is a well settled preference that defendants who are indicted together should be tried together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). A defendant seeking to sever his trial from a co-defendant's must "establish that actual prejudice would result from a joint trial, not merely that a separate trial would offer a better chance of acquittal." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995); *see also Zafiro*, 506 U.S. at 540 ("prejudice does not exist merely because a co-defendant has a better chance of acquittal if tried separately.").

Further, the Supreme Court of South Carolina has held that a criminal defendant seeking severance cannot show prejudice from merely being tried jointly with the person with whom he allegedly committed the charged crime. *State v. Rutledge*, 198 S.E.2d 250, 251 (S.C. 1973) ("The prejudice of which appellant complains was simply inherent in the facts of the case and not in the joint trial."). Severance is not required unless "there is a serious risk that a joint trial would compromise a specific trial right of a co-defendant or prevent the jury from making a reliable judgment about a codefendant's guilt." *State v. Dennis*, 523 S.E.2d 173, 176 (S.C. 1999). To clarify, severance is not required unless it can be shown that co-defendants' separate defenses are such that one defendant's assertions would be inconsistent with the other's innocence, *e.g.*, that their defenses are antagonistic. *State v. Cope*, 748 S.E.2d 194, 206 (S.C. 2013). Additionally, a petitioner's argument that his trial counsel was ineffective for failing to move for a severance because the joint trial prevented him from cross examining a non-testifying co-defendant is insufficient to satisfy the *Strickland* prejudice prong. *See Zeigler v. Bush*, 2015 WL 5604154, at *18-19 (D.S.C. Sept. 22, 2015).

13

In light of this applicable law, the Magistrate was correct in finding that Petitioner has failed to show that the PCR court's rejection of his ineffective assistance claim was unreasonable because he has not shown any prejudice.  Petitioner has not shown anything that would require any court to rule that he was entitled to a severance of his trial from his co-defendant's.  Petitioner's and his co-defendant's defenses were not antagonistic.  Additionally, Petitioner's allegations regarding his inability to cross examine the co-defendant during the joint trial because of his *pro se* and non-testifying status are unavailing as they do not rise to the level of a fair trial violation or a showing of prejudice under *Strickland*.  Accordingly, this Court agrees with the Magistrate's determination that granting summary judgment in favor of Respondent is proper on this issue.

> **GROUND THREE:** Trial counsel was ineffective during trial for failing to object to the improper conduct of the solicitor which consisted of poisoning the minds of jurors in his opening statements, bolstering of State's witnesses and making improper remarks about the Petitioner and his co-defendants in his closing argument, counsel was also ineffective for failing to move for curative instructions or a mistrial, which denied the Petitioner due process of law.

Petitioner objects to the Magistrate's finding that the PCR court's rejection of his ineffective assistance of counsel claim as to Ground Three was reasonable.  Petitioner argues that the prosecutor's opening statement regarding Petitioner and his co-defendants "getting ready to go to work . . ." to rob a bank was formulated only to poison the minds of the jurors.  Petitioner further argues that the prosecutor, in his closing argument, improperly vouched for the credibility of his former co-defendants that pleaded guilty and inappropriately characterized his co-defendants as "clowns."

The prosecutorial comments that Petitioner refers to are quoted verbatim in the Magistrates Report, and this Court incorporates those without recitation. (*See* ECF No. 30 pp. 35-37).  This Court agrees with the Magistrate's finding that these comments should have drawn

an objection, a request for curative instruction, and a motion for mistrial from Petitioner's trial counsel. However, that does not end the analysis.

The United States Supreme Court had held that when a criminal defendant alleges violations arising from prosecutorial comments, a reviewing court must consider whether the argument "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). The Fourth Circuit has held that a reviewing court must consider four factors in determining whether prosecutorial argument rises to a level of a denial of due process: "(1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters." *United States v. Harrison*, 716 F.2d 1050, 1052 (4th Cir. 1983) (citations omitted).

It is well settled that it is impermissible for a prosecutor to vouch for or bolster the testimony of government witnesses during arguments to the jury. *See United States v. Sanchez*, 118 F.3d 192, 198 (4th Cir. 1997). However, arguments based on the prosecutor's interpretation of the trial evidence that would support the credibility of witnesses is not impermissible vouching. *United States v. Celestine*, 43 F. App'x 586, 597 (4th Cir. 2002) ("Vouching occurs when a prosecutor indicates a personal belief in the credibility or honest of the witness."). Additionally, while applying the *Darden* standard, the Supreme Court of South Carolina found no reversible error when a prosecutor equated drug dealers to cockroaches. *Randall v. State*, 591 S.E.2d 608 (S.C. 2004).

Applying this applicable law to this case, this Court agrees with the Magistrate's interpretation of the prosecutor's opening statements as a somewhat dramatic or creative part of the narrative the prosecutor used to present his version of the facts to the jury.  When viewing the trial as a whole, there is no way that a reference to the Petitioner's "getting ready to go to work" was so prejudicial as to require a new trial. *See United States v. Leftwich*, 461 F.2d 586, 590 (3rd Cir. 1972) (holding that "improprieties of argument by counsel to the jury do not call for a new trial unless they are so gross as to probably prejudice the defendant."). Petitioner has never proved that he was prejudiced by these comments.  Further, there was substantial evidence of guilt that the State presented against Petitioner in this case in the form of direct testimony from former co-defendants along with evidence showing that Petitioner was apprehended in the same car with those co-defendants.  The money that was stolen from the bank was also in the car with Petitioner when he was apprehended.

Moreover, in light of the *Randall* decision, it is highly unlikely that any South Carolina court would find the prosecutor's reference to Petitioner's former co-defendants as "clowns" to be unconstitutional.  Petitioner has also failed to show how the prosecutor improperly bolstered the witnesses in this case.  The prosecutor simply asked the witnesses about whether they would testify truthfully, and then made some comments in his closing argument that interpreted trial evidence as supportive of the truthfulness of their testimony.  This is not unconstitutional bolstering of witness credibility.  It was also not improper when the prosecutor questioned the witnesses about their plea bargains. *See United States v. Henderson*, 717 F.2d 135, 136-37 (4th Cir. 1983) (no improper bolstering where prosecutor questioned witness on direct examination about a plea-bargain-related promise to testify truthfully).

The prosecutor in this case never said that he, personally, believed that the witnesses against Petitioner testified truthfully. The prosecutor never attempted to mislead the jury. All the prosecutor did was explain how the evidence concerning the witnesses' personal involvement in the crimes charged supported their own testimony where they told the jury that they were testifying truthfully. These statements did not prejudice Petitioner in light of the overwhelming evidence against him at trial. Therefore, this Court agrees with the Magistrate that granting summary judgment in favor of Respondent with respect to Ground Three is proper.

## VII.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court **ADOPTS** the Report and Recommendation of the Magistrate. Therefore, Respondent's motion for summary judgment (ECF No. 23) is **GRANTED**, and the petition is dismissed with prejudice.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 30, 2016
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2]  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."